**ORIGINAL**

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 APR 30 PM 4: 04

CLERK _C Adams_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| JOHN TUFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-077 |
| | ) | |
| BILLY COOPER, Eastman Police Department, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, the Court screened his complaint and directed the U.S. Marshal to effect service on Defendants on October 18, 2011. (Doc. no. 13.) However, because Defendants had filed an answer prior to the Court's screening of the complaint under the IFP statute, the Court's screening Order permitted Defendants to file an amended answer, to supercede their previous answer in its entirety. (Id. at 2-3.) In accordance with that Order, Defendants filed their amended answer on December 14, 2011 (doc. no. 16), and a Scheduling Notice was entered setting the deadlines in this case (doc. no. 17).

Approximately two months into discovery, Plaintiff filed two discovery motions

seeking to compel Defendants to produce certain information. (Doc. nos. 21, 22.)[1] Because there did not at that time appear to be a discovery dispute, and as Plaintiff had failed to certify that a good faith effort had been made to resolve any alleged discovery dispute before coming to court – in violation of the Court's Local Rules – the Court denied the motions to compel. (Doc. no. 25.)

The matter is now before the Court on Plaintiff's "Motion for a Default of Judgment," which is dated several days prior to the date the Court denied his discovery motions. (Doc. no. 26.) Thus, Plaintiff did not have the benefit of the Court's prior Order when he made the instant request. Nevertheless, for the reasons stated below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for default judgment be **DENIED**.

## I. DISCUSSION

In his motion, Plaintiff asserts that he is entitled to a default judgment because Defendants have not responded to his motion for discovery without a court order (doc. no. 22). Notably, however, a default judgment is available under Fed. R. Civ. P. 55 only when a party has failed to plead or otherwise defend as provided by the Federal Rules. By its terms, Rule 55 contemplates two steps before entry of a default judgment. Dahl v. Kanawha Inv. Holding Co., 161 F.R.D. 673, 683 (N.D. Iowa 1995). First, the party seeking a default must have the Clerk enter the default by submitting an "affidavit or otherwise" showing that the defaulting party "has failed to plead or otherwise defend as provided by

---

[1]One of the motions to compel appeared to be directed to Defendants (doc. no. 22, "Motion Requesting Discovery Without Court Order"), while the other appeared to be directed to the Court in the event "[D]efendants are not willing to provide such discovery without it being compelled" (doc. no. 21).

2

[the] rules." Fed. R. Civ. P. 55(a). Thereafter, the moving party may then seek entry of a default judgment under Rule 55(b). Under Rule 55(b)(1), the Clerk is directed to enter a default judgment upon request of the plaintiff when all of the following conditions are present: (1) the claim is for a sum certain, or for a sum that can by computation be made certain; (2) the default is for want of appearance; and (3) the defendant is neither an infant nor an incompetent person.

As set forth above, a default judgment is available under Fed. R. Civ. P. 55 only when a party has failed to plead or otherwise defend as provided by the Federal Rules. As noted above, however, Defendants filed an amended answer to Plaintiff's complaint on December 14th. (Doc. no. 16.) Indeed, Defendants appeared in this case prematurely when they filed their original answer prior to screening of the complaint. (Doc. no. 11.) In short, there is no basis for entry of a default judgment under Rule 55.

Moreover, Plaintiff's assertion that he is entitled to a default judgment because Defendants have not responded to discovery requests is misguided. It is true that under Fed. R. Civ. P. 37(b)(2)(A), a discovery sanction may take the form of, *inter alia*, striking pleadings, staying proceedings, dismissing an action or any part thereof, or rendering a judgment by default against a disobedient party. Yet the Eleventh Circuit has consistently found Rule 37 discovery sanctions such as dismissal or entry of default judgment to be appropriate only "where the party's conduct amounts to flagrant disregard and willful disobedience *of discovery orders.*" U.S. v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997) (emphasis in original). As there has been no violation of a discovery order in this case, the entry of a default judgment is not appropriate.

3

Moreover, as the Court explained in its prior order denying Plaintiff's motions to compel, and as set out in the instructions provided to Plaintiff when the Court screened his complaint, Plaintiff must certify that he has made a good faith effort to resolve any discovery dispute with Defendants prior to seeking Court involvement. Loc. R. 26.5. However, because the instant motion appears to be a follow-up to Plaintiff's earlier improper attempts to compel discovery, the instant motion also contains no certification that he made a good faith effort to resolve any discovery dispute with Defendants prior to filing the motion. In sum, Plaintiff's motion does not comply with the letter or the spirit of the Local Rule governing motions to compel. Therefore, even if the Court were to consider the motion for default judgment as a discovery motion, it would be subject to summary denial. See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979)[2] (*per curiam*) (affirming summary denial of motion for failure to comply with court's Local Rules).

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for default judgment be **DENIED**. (Doc. no. 26.)

SO REPORTED and RECOMMENDED this 30th day of April, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4