# ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 JUL 17 PM 4 28

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JOHN TUFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 311-077 |
| | ) | |
| BILLY COOPER, Eastman Police | ) | |
| Department, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate incarcerated at Sumter County Prison located in Americus, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983.[1] He is proceeding *pro se* and *in forma pauperis* ("IFP"). The matter is presently before the Court on Defendants' motion to dismiss. (Doc. no. 29.) After prompting by the Court (doc. no. 38), Plaintiff filed a response opposing the motion (doc. no. 40). Also before the Court is Plaintiff's "Motion for Summary Judgment." (Doc. no. 27.) Defendants oppose Plaintiff's request for summary judgment (doc. nos. 32, 33, 34, 35), and Plaintiff has filed a reply in further support of his motion (doc. no. 39). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss be **DENIED** and that Plaintiff's motion for summary judgment be **DENIED** without prejudice.

---

[1] Although Plaintiff is currently incarcerated at Sumter County Prison, Plaintiff's complaint concerns events that allegedly occurred outside the prison, in Eastman, Georgia. (Doc. no. 1.)

## I.    BACKGROUND

Plaintiff's complaint was received by the Clerk of Court in the Middle District of Georgia on July 27, 2011, and was filed on the same day. (See doc. no. 1, p. 6.) Because the allegations in the complaint related to events occurring in Eastman, Georgia, which is situated in the Southern District of Georgia, the case was transferred to this District. (Doc. no. 5.) According to Plaintiff, on July 19, 2009, while he was "on the run," an unspecified individual notified the Eastman Police Department of Plaintiff's location. (Doc. no. 1, p. 4.) He further asserts that Defendants Widener and Cooper, two officers with the Eastman Police Department, arrived at Plaintiff's location, where Plaintiff was standing on the front porch along with his nephew and another individual. (Id.) According to Plaintiff, Defendant Cooper called to Plaintiff's nephew – apparently mistaking him for Plaintiff – and asked him to put his hands behind his back. (Id.) Plaintiff alleges that he responded by stating, "It is me you are looking for," and left the porch. (Id.) Plaintiff asserts that Defendant Widener then pulled out his Taser gun, applied it to Plaintiff's heart "repeatedly for about 30 seconds," and then spit on Plaintiff. (Id.)

Upon review of his complaint pursuant to the IFP statute, the Court allowed Plaintiff to proceed with § 1983 claims against Defendant Widener for excessive use of force and against Defendant Cooper for deliberate indifference to his safety. (Doc. no. 13.) In screening the complaint, the Court noted that there was a potential statute of limitations issue but observed that the envelope Plaintiff used to mail his complaint was dated July 15, 2011. (Id. at 3 n.4.)  Although the envelope was apparently returned for insufficient postage and re-mailed on July 25, 2011 (see doc. no. 1, p. 6), the Court did not find it appropriate to dismiss Plaintiff's claims as untimely at the screening stage. (Doc. no. 13, p. 3 n.4.)

Because Defendants had filed an answer prior to the Court's screening of the complaint under the IFP statute, the Court's screening Order permitted Defendants to file an amended answer, to supercede their prior answer in its entirety. (Id. at 2-3.) In accordance with that Order, Defendants filed their amended answer on December 14, 2011 (doc. no. 16), and a Scheduling Notice was entered setting the deadlines in this case (doc. no. 17). Defendants subsequently moved to stay discovery on March 12, 2012, pending a ruling on their motion to dismiss, which they filed two weeks thereafter. (Doc. nos. 24, 29.) In between these two filings, Plaintiff submitted his motion for summary judgment, which consists of approximately one and half pages of conclusory statements asserting that he is entitled to summary judgment. (Doc. no. 27.) After hearing no response from Plaintiff regarding the motion to stay or motion to dismiss, the Court granted Defendants' request to stay discovery. (Doc. no. 38.) In that same Order, the Court explained that it was hesitant to rule on Defendants' pending motion to dismiss without first hearing from Plaintiff and ordered him to respond to that motion within 15 days. (Id. at 3.) In accordance with the Court's Order, Plaintiff filed a response opposing the motion to dismiss. (Doc. no. 40.)

## II.    DISCUSSION

### A.    Defendants' Motion To Dismiss

Defendants now seek to dismiss Plaintiff's complaint, arguing that Plaintiff's claims are barred by the statute of limitations.[2] (Doc. no. 29.) Specifically, Defendants assert that according to Plaintiff's complaint, he knew of his claims against Defendants on July 19, 2009. (Doc. no. 29-1, p. 1.) Defendants assert that although Plaintiff initially attempted to mail his

---

[2]Defendants previously raised the statute of limitations as a defense in their amended answer. (See doc. no. 16, p. 2.)

3

complaint on or about July 15, 2011, several days before the applicable two-year statute of limitations expired, the envelope was returned for insufficient postage and was not re-mailed until after the statute of limitations had expired. (Id. at 2.) Defendants therefore conclude that Plaintiff's claims are time-barred. (Id. at 2-3.)

Plaintiff does not dispute Defendants' assertions as to the timeliness of his complaint, and instead he primarily challenges the assertions made in Defendants' response to his motion for summary judgment. (Doc. no. 40, pp. 1-6.) Plaintiff also requests that the Court "look into" Defendants' motion to stay, which he asserts was filed several days after the deadline had passed for Defendants to respond to his discovery requests. (Id. at 12.) Plaintiff does not explain what discovery he has requested from Defendants, although he attaches to his response a copy of his "Motion Requesting Discovery Without Court Order" and "Motion to Compel Discovery," which requested information regarding the merits of his claims. (See id. at 13-17.) The Court denied these prior motions as improper because Plaintiff's requests for discovery should be directed to defense counsel, not the Court. (Doc. no. 25.) Presumably, Plaintiff requested information from Defendants similar to that which he requested in these prior motions. At any rate, Plaintiff does not indicate that he requires any discovery to properly respond to Defendants' motion to dismiss.

As an initial matter, the Court finds no basis to reconsider its Order granting Defendants' motion to stay. As the Court previously noted, Defendants' motion to dismiss is potentially "case-dispositive," and Plaintiff has given no indication that he cannot properly oppose that motion in the absence of discovery. (Doc. no. 38, p. 2 (quoting Feldman v. Flood, 176 F.R.D. 651, 653 (M.D. Fla. 1997).) Moreover, Plaintiff's concerns about the timing of Defendants' request to stay do not alter this conclusion. Having clarified that there is no basis

4

for reconsidering the Order granting Defendants' motion to stay, the Court now turns its attention to Defendants' motion to dismiss.[3]

## 1. Applicable Legal Standard

A motion under Rule 12(b)(6) challenges the legal sufficiency of the complaint. "In essence, a movant says, 'Even if everything you allege is true, the law affords you no relief.'" Johnson v. Fleet Finance, Inc., 785 F. Supp. 1003, 1005 (S.D. Ga. 1992) (Edenfield, J.). In deciding a motion to dismiss under Rule 12(b)(6), all of the non-moving party's allegations must be presumed true and all reasonable inferences must be construed in the light most favorable to the non-moving party. Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977); Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). Furthermore, a claim should not be dismissed if the facts alleged in the complaint are sufficient to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 561-62 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Moreover, granting a motion to dismiss is disfavored and rare. Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) (*per curiam*). Finally, while factual allegations in the complaint must be taken as true when considering a motion to dismiss, there is no requirement that the Court must accept as true the plaintiff's conclusions of law. See Solis-Ramirez v. United States Dep't of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985) (*per curiam*). With these principles in mind, the Court turns its attention to the instant motion.

---

[3] Of course, should the presiding District Judge adopt the Court's recommendations herein, the stay will no longer be in effect, and the case will proceed accordingly.

## 2.    The Court Lacks Sufficient Information to Find Plaintiff's Complaint Time-Barred

As noted above, Defendants argue that Plaintiff's complaint is time-barred because Plaintiff submitted his complaint more than two years after the date upon which his constitutional rights were allegedly violated, July 19, 2009. (Doc. no. 29-1, pp. 2-3.)

State law controls the length of the statute of limitations period in § 1983 actions. Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987). In Georgia, such claims must be brought within two years of their accrual. Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1279 (11th Cir. 2001); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. See Brown v. Ga. Bd. of Pardons & Paroles, 335 F.3d 1259, 1261 (11th Cir. 2003); Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996). Under § 1983, a claim accrues when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Brown, 335 F.3d at 1261 (quoting Rozar, 85 F.3d at 561-62).

Under the "prison mailbox rule," a prisoner's complaint is deemed to be filed on the date it is delivered to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988); United States v. Glover, --- F.3d ----, No. 12-10580, 2012 WL 2814303, at *2 (11th Cir. July 11, 2012); see Garvey v. Vaughn, 993 F.3d 776, 783 (11th Cir. 1993) (extending prison mailbox rule to claims brought pursuant to § 1983 and Federal Tort Claims Act). "Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it." Glover, 2012 WL 2814303, at *2 (citation omitted); see Adams v. United States, 173 F.3d 1339, 1341 (11th Cir.

6

1999) (*per curiam*) (explaining that as a general rule, the date upon which a prisoner's complaint is signed or executed constitutes "the earliest date on which [the complaint] could be considered filed."). Furthermore, under the prison mailbox rule, the burden is on the party challenging the timeliness of a prisoner's legal filings to prove the date on which the prisoner delivered his legal filings to be mailed. Ellis v. Hooks, 219 F. App'x 865, 867 (11th Cir. 2007) (*per curiam*) (citing Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (*per curiam*)); see also Clay v. United States, No. 2:06-CV-09-RWS, 2007 WL 4336356, at *3 (N.D. Ga. Dec. 6, 2007).

Here, Plaintiff knew or should have known of the injuries alleged in his complaint, as well as who injured him, when the injuries occurred on July 19, 2009, and he therefore had until July 19, 2011 to timely file the claims at issue in the instant suit. See Leal, 254 F.3d at 1279. Notably, however, although his complaint is signed, it is not dated. (Doc. no. 1, p. 5.) Thus, the Court turns to the postmark date of Plaintiff's pleadings to determine the date these pleadings were delivered to prison officials for mailing. See McCiskill v. Smith, No. 309cv298, 2012 WL 612813, at *1 n.1 (N.D. Fla. Jan. 25, 2012) (looking first to the date of the complaint and postmark date on envelope before deeming case filed on the date received by the clerk of court); United States v. Bell, 203 F. Supp. 2d 1287, 1291 (S.D. Ala. 2002) (using date of prison's "block stamp" on prisoner's mailing envelope as date pleadings were delivered to prison officials).

As noted above, Plaintiff's complaint bears two mailing dates: the first on July 15, 2011, and the second on July 25, 2011. (See doc. no. 1, p. 6.) If the first date is deemed to be the date the complaint was filed, Plaintiff's complaint is timely under the two-year statute of limitations. By contrast, if the latter of these two dates is deemed to be the filing date, then

Plaintiff's complaint will be time-barred. See Leal, 254 F.3d at 1279. Defendants assert that the latter date controls, and they cite Dison v. Whitley, 20 F.3d 185 (5th Cir. 1994) for the proposition that the prison mailbox rule does not apply where a prisoner's complaint is untimely submitted due to his failure to affix proper postage to his legal mail. (Doc. no. 29-1, pp. 2-3.) Defendants essentially argue that Plaintiff bore the responsibility for placing sufficient postage on his outgoing legal mail, and because he failed to do so in a timely manner, his complaint is therefore time-barred. (See id.) The Court finds that Dison is distinguishable from the instant case, however.

In Dison, a Louisiana prisoner attempted to appeal the denial of his habeas corpus petition seven days before the expiration of the appeal deadline; however, the envelope in which he mailed his notice of appeal was returned to him because he had tried to send it through the prison's "indigent mail" system despite having sufficient funds to pay for postage. Dison, 20 F.3d at 186. The prisoner's second attempt at mailing the notice of appeal – this time with proper postage – was untimely. Id. at 187. The Fifth Circuit Court of Appeals upheld the dismissal of the prisoner's appeal as untimely, reasoning that his failure to affix proper postage when he first had the opportunity "did not constitute compliance with doing all he reasonably could have done to ensure that documents were received by the clerk of court in a timely manner." Id. (internal punctuation and quotation omitted).

In contrast to the Fifth Circuit, which had the benefit of information regarding the mail policy used by the Louisiana Department of Corrections, Defendants have not provided the Court with any information to show that the prison mailing policy applicable in Sumter County Prison is equivalent to the policy applicable in Dison. In other words, the Court has no way of knowing that Sumter County Prison maintains a mail policy that requires, or even allows,

8

prisoners to post their own legal mail.[4]  See Dison, 20 F.3d at 186.  Notably, the Supreme

Court in Houston contemplated the possibility that a prisoner may have very little control over

the filing of his legal documents and may be forced to rely on prison officials to timely stamp

and mail them:

> . . . [T]he *pro se* prisoner has no choice but to entrust the forwarding of his
> [legal mail] to prison authorities whom he cannot control or supervise and who
> may have every incentive to delay. No matter how far in advance the *pro se*
> prisoner delivers his [legal mail] to the prison authorities, he can never be *sure*
> that it will ultimately get stamped "filed" on time.

Houston, 487 U.S. at 271.  Furthermore, there is no indication as to whether Plaintiff had any

control over his mail in between the first and second mailing attempts, which may also bear

on the issue of timeliness.  For example, even if Plaintiff had no control over the posting of his

mail, he may nevertheless be time-barred if the first envelope was returned to his possession

before the statute of limitations had run, yet he failed to return it to prison officials for re-

mailing until after the limitations period had run.

In sum, it may well be that Sumter County Prison maintains a policy similar to that

applicable in Dison.  Under such a circumstance (and assuming Plaintiff had sufficient funds

to afford postage),[5] then Plaintiff would bear the responsibility for failing to affix sufficient

postage when his complaint was initially mailed, and his untimely re-mailing would render his

complaint time-barred.  However, it is Defendants' burden to prove the date on which Plaintiff

delivered his documents to be mailed, see Washington, 243 F.3d at 1301, and they have not

---

[4]Indeed, precisely because the Court lacks such information, it did not recommend
dismissal of Plaintiff's complaint as time-barred when at the screening stage.  (See doc. no. 13,
p. 3 n.4.)

[5]Given that Plaintiff lacked sufficient funds to pay any initial filing fee, this is subject
to question.  (See doc. no. 13.)

come forward with sufficient information to satisfy this burden.   Accordingly, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss Plaintiff's complaint as time-barred be **DENIED**.[6]  (Doc. no. 29.)

### B.   Plaintiff's Motion for Summary Judgment

Next, the Court turns its attention to Plaintiff's motion for summary judgment.  (Doc. no. 27.)  Defendants oppose Plaintiff's motion (doc. nos. 32, 33, 34, 35), and Plaintiff has filed a reply to Defendants' opposition (doc. no. 39).  Plaintiff's motion for summary judgment consists of approximately one and a half pages of conclusory allegations that merely state that he is entitled to summary judgment.  (See doc. no. 27.)  However, as the Court instructed Plaintiff when it screened his complaint, he may not carry his burden at summary judgment by relying on the conclusory allegations in his complaint.  (Doc. no. 13, p. 7.)

Notably, Plaintiff did not file the separate statement of material facts required by Local Rule 56.1.  In short, Plaintiff's conclusory, unsupported motion does not comply with the letter or the spirit of the Local Rule governing motions for summary judgment, and thus, is subject to summary denial.  See Layfield v. Bill Heard Chevrolet Co., 607 F.2d 1097, 1099 (5th Cir. 1979) (*per curiam*) (affirming summary denial of motion for failure to comply with court's Local Rules).

Moreover, at this preliminary stage of the proceedings, discovery has not yet been conducted, and in light of the stay currently in place, neither party has had the opportunity to

---

[6]Should Defendants choose to present matters outside the pleadings to support their argument that Plaintiff's complaint is barred by the statute of limitations, they should do so in a motion for summary judgment.  See Christy v. Sheriff of Palm Beach Cnty., Fla., 288 F. App'x 658, 665 (11th Cir. 2008) (*per curiam*) (explaining that statute of limitations argument relying on information outside the pleadings should be converted to a motion for summary judgment) (citing Morrison v. Amway Corp., 323 F.3d 920, 924 (11th Cir. 2003)).

develop the record or conduct discovery. As the parties have not yet been afforded the opportunity to sufficiently develop the record to respond to a motion for summary judgment, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request for summary judgment be **DENIED** without prejudice.

## III.    CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss be **DENIED** (doc. no. 29) and that Plaintiff's motion for summary judgment be **DENIED** without prejudice (doc. no. 27). Should the presiding District Judge adopt the Court's recommendations, new deadlines should be set in this case.

SO REPORTED and RECOMMENDED this 17th day of July, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE